**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAFFAN INTERNATIONAL, LLC

        Plaintiff,                     Case No:

v.

RADHE KRISHNA PROPERTIES, LLC,
and CHAD CHRONISTER, in his official capacity
as Sheriff of Hillsborough County

        Defendants.

_____/

## **COMPLAINT**

Plaintiff Jaffan International, LLC ("Jaffan"), by and through its undersigned counsel, sues Defendants Radhe Krishna Properties, LLC ("Radhe") and Chad Chronister, in his official capacity as Sheriff of Hillsborough County, Florida (the "Sheriff"), and alleges as follows:

1.     This is an action for declaratory and injunctive relief to prevent the enforcement of a state court eviction judgment against Jaffan in contravention of a final federal court judgment. Jaffan seeks a declaration that it holds a valid leasehold interest in the property at issue, pursuant to a final order of the U.S. Bankruptcy Court, and seeks emergency injunctive relief (a temporary restraining order and preliminary injunction) enjoining Radhe and the Sheriff from enforcing a state court writ of possession. Such relief is necessary to preserve Jaffan's leasehold and the status quo pending a final adjudication of Jaffan's

rights, and to prevent the nullification of a binding federal judgment by state court action.

## JURISDICTION AND VENUE

2.    This Court has subject-matter jurisdiction over this action pursuant to its inherent power and ancillary jurisdiction to enforce and protect a prior federal judgment. The relief sought is necessary to effectuate the Bankruptcy Court's final order in Jaffan's favor and to prevent its nullification. Federal courts have jurisdiction to protect or effectuate their judgments under the All Writs Act, 28 U.S.C. § 1651, and the "relitigation exception" to the Anti-Injunction Act, 28 U.S.C. § 2283[11]. To the extent needed, this action may be viewed as a continuation of the prior federal proceeding for purposes of enforcing the outcome of that case.

3.    Additionally, this Court has original federal question jurisdiction under 28 U.S.C. § 1331 because Jaffan asserts claims arising under federal law, including claims under 42 U.S.C. § 1983. Specifically, Jaffan alleges that the Sheriff's enforcement of the state eviction judgment would deprive Jaffan of its property without due process of law and in violation of the Supremacy Clause of the U.S. Constitution, by giving effect to a state judgment obtained in derogation of Jaffan's federally protected rights. A claim for injunctive relief under § 1983 is within the "expressly authorized" exception to the Anti-Injunction Act[12], meaning Congress has expressly permitted federal courts to enjoin state proceedings when necessary to vindicate federal constitutional rights under

§ 1983[13]. Jaffan's § 1983 claim against the Sheriff (a state actor) thus invokes this Court's federal question jurisdiction and permits the injunctive relief sought.

4.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any related state-law claims or issues to the extent they form part of the same case or controversy as the federal claims. All claims asserted herein derive from a common nucleus of operative fact – namely, the dispute over Jaffan's leasehold and the conflict between the federal judgment and the state eviction proceedings.

5.    Plaintiff Jaffan International, LLC is a Florida limited liability company with its principal place of business in Hillsborough County, Florida.

6.    Defendant Radhe Krishna Properties, LLC is a Florida limited liability company with its principal place of business in Florida (Duval County).

7.    Defendant Chad Chronister is the Sheriff of Hillsborough County, Florida, and is named solely in his official capacity. The Sheriff, acting under color of state law, is the official responsible for executing writs of possession and carrying out evictions pursuant to state court judgments (see Fla. Stat. § 30.15(1)(c) & (d)).

8.    Venue is proper in this District and Division under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District (the property and eviction action are in Hillsborough County), and because all defendants are found or reside in Florida. Additionally, venue is appropriate as this matter is brought to enforce a prior order of the U.S.

Bankruptcy Court for the Middle District of Florida (Tampa Division) involving property located in this Division.

## FACTS

9.      In proceedings in Jaffan's Chapter 11 bankruptcy case, following a trial on the merits, the U.S. Bankruptcy Court for the Middle District of Florida entered a final order in 2022 expressly finding that Jaffan had a continued and valid leasehold interest in the property under Florida law. The Bankruptcy Court applied Florida's equitable anti-forfeiture doctrine and concluded that Jaffan's lease had been effectively renewed and could not be deemed forfeited, provided Jaffan tendered all rental arrears and interest. The court held that Jaffan "satisfied its burden to demonstrate an equitable exception to the termination of the Lease," squarely ruling that Jaffan retained an ongoing leasehold interest in the premises

10.     While the bankruptcy case was later dismissed, the Bankruptcy Court expressly sought to preserve the lease when dismissing the bankruptcy and had no intent to cause the destruction of the lease.

11.     The Bankruptcy Court's order determining the lease's validity was never reversed, vacated, or set aside, and it remains a final judgment on the merits.

12.     Undeterred by the federal judgment, Radhe revived its state court eviction action against Jaffan once the bankruptcy stay was lifted by dismissal of the case. After the bankruptcy case ended, Radhe moved forward in state court

and obtained a final judgment for eviction, with the state court authorizing a writ of possession to issue after October 1, 2025. In those proceedings, Jaffan attempted to raise its federal victory as a defense, arguing that the Bankruptcy Court's final judgment recognizing Jaffan's lease was binding on the parties and precluded any eviction based on an alleged lease expiration (i.e., res judicata and collateral estoppel).

13.    However, the state trial court ruled that it was prohibited from considering those defenses. Relying on Florida's procedural statute governing commercial evictions (Fla. Stat. § 83.232), the court found that because Jaffan had not paid certain rent into the court registry after October 2021 Jaffan had "waived" all defenses except payment under state law. As a result, the state court refused to even acknowledge the prior federal judgment and declined to consider Jaffan's res judicata/collateral estoppel arguments on the merits. The state court entered judgment in favor of Radhe solely on the basis that the lease had expired – an issue that had already been conclusively resolved in Jaffan's favor by the federal court.

14.    Under these extraordinary circumstances, federal equitable intervention is both authorized and required to prevent an imminent unjust eviction and to protect the integrity of the federal judgment. While federal injunctions against state court proceedings are rare, they are permissible – indeed, mandated – when necessary to give effect to a federal court's judgment or to prevent a state proceeding from trampling federal rights.

15.    Here, absent injunctive relief, Jaffan will be irreparably deprived of its property and business, and a binding federal judgment will be effectively overridden by state process. This would violate fundamental principles of our federal system and the Supremacy Clause of the U.S. Constitution. A final federal judgment "can never be taken away or impaired by state decisions"[9] and must be respected in state court unless and until it is reversed by appropriate appellate review[9]. To allow a state court to ignore or circumvent a federal judgment is "a virtual abandonment of the final power of the Federal courts" and cannot be tolerated[10].

16.    Because Jaffan's federal defenses were rendered meaningless in the state forum by operation of state law, this is precisely the kind of scenario in which federal court relief is warranted to protect federal judicial authority and to ensure that the Constitution's command of federal supremacy is upheld.

17.    Accordingly, Jaffan brings this action seeking: (a) a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Jaffan holds a valid leasehold interest in the property and that the prior federal judgment confirming the lease is binding on Radhe, such that the state eviction judgment is void, unenforceable, or otherwise must yield to the federal judgment; and (b) injunctive relief under the All Writs Act, including a temporary restraining order and preliminary and permanent injunction, restraining Radhe and the Sheriff from taking any steps to enforce the state court eviction judgment (including issuance or execution of any writ of possession), so as to preserve the status quo and prevent irreparable harm

while this Court adjudicates the merits. Jaffan stands ready to continue paying all rent and obligations under the lease during the pendency of this action (as it has been doing to date) as a condition of any interim injunctive relief. The injunctive relief sought is narrowly tailored to only prohibit enforcement of the eviction judgment and Jaffan's physical ouster; it does not seek to enjoin any other aspect of the state proceedings beyond what is necessary to protect Jaffan's federal rights and this Court's jurisdiction.

18.    Without the requested relief, Jaffan will suffer immediate and irreparable injury. Jaffan's long-standing business will be destroyed by eviction, its substantial investments in the leased premises will be lost, and its hard-won federal court victory will be rendered pyrrhic. Conversely, granting injunctive relief simply preserves the status quo and ensures that rent continues to be paid to Radhe, thereby preventing any harm to Defendants beyond a brief delay in exercising remedies that are likely unlawful. Jaffan's federal rights—and the authority of the federal courts—hang in the balance, making prompt relief essential.

19.    Jaffan thus exhausted its remedies within the Florida state courts. There is no further avenue in state court to vindicate the effect of the federal judgment. Jaffan's last resort at the state level would be to seek review in the United States Supreme Court by petition for certiorari, arguing that the state court's failure to honor the federal judgment raises a federal question. Indeed, the situation presents an important issue of federal law; however, the Supreme

Court's review is discretionary and cannot be assured or, even if sought, obtained in time to prevent the eviction. As of the filing of this Complaint, no stay of the eviction is in place, and Radhe has indicated its intent to secure a writ of possession immediately after October 1, 2025.

20.    The harm facing Jaffan is both imminent and irreparable. If not stopped, Radhe will obtain a writ of possession and the Sheriff will evict Jaffan shortly after October 1, 2025. Eviction will cause Jaffan to lose its leasehold interest permanently (since the lease would be forfeited), to lose the location of its established business, and to likely cease operations. The destruction of a business and loss of unique real property rights constitute irreparable injury for which there is no adequate remedy at law – no amount of money damages can truly compensate for the eviction of a going concern from its location, the loss of goodwill, customer relationships, and the "fruit" of years of effort maintaining the lease.

21.    Moreover, eviction would moot the very relief Jaffan seeks (you cannot restore a leasehold easily after the fact, especially if the property is leased to others). By contrast, maintaining the status quo (keeping Jaffan in possession) pending the resolution of this case causes no significant harm to Defendants. Jaffan continues to pay all rent and obligations. Radhe suffers no monetary loss; at most, it is delayed in retaking the property, which delay is justified if Jaffan's rights are as strong as the federal judgment indicates. The balance of equities thus tilts decisively in Jaffan's favor. Public interest considerations also strongly

support injunctive relief: the public has a vital interest in the integrity of federal judgments and the supremacy of federal law. Allowing a state eviction to proceed in defiance of a federal court order would undermine confidence in the judicial system and the rule of law. Conversely, enjoining the eviction to uphold a federal judgment reinforces the proper respect between state and federal courts and ensures that constitutional principles are honored.

22.    In sum, this action seeks to vindicate a federal judgment and to prevent a grave miscarriage of justice. Jaffan does not lightly seek federal intervention in a state matter, but it has been left with no alternative. The state courts (through no fault of Jaffan's) have foreclosed any opportunity for Jaffan to protect its rights under the federal judgment. Therefore, Jaffan turns to this Court to enforce the final judgment of its own bankruptcy court and to prevent irreparable harm.

23.    Jaffan has retained the undersigned law firm and has agreed to pay it a reasonable fee.

Count I – Injunctive Relief (All Writs Act, 28 U.S.C. § 1651)

Jaffan v. Radhe, Sheriff

24.    Jaffan re-alleges paragraphs 1 through 23 above.

25.    This Count is pled to explicitly invoke the Court's authority under the All Writs Act and the Anti-Injunction Act's exceptions to issue injunctive relief in aid of its jurisdiction and to protect the prior federal judgment.

26.    The facts demonstrate that Radhe has attempted to relitigate, in state court, the very issue that was conclusively decided by a federal court. Radhe was a party to the federal case and is a party to the state case; the issue (lease termination vs. continuation) is identical; and the Bankruptcy Court's decision was final on the merits. All elements for application of res judicata/issue preclusion are satisfied. Therefore, Radhe's pursuit of the eviction and the state court's judgment constitute an improper relitigation of settled matters. Here, while the state case proceeded to judgment, that judgment is precisely what we seek to restrain because it undermines the federal judgment.

27.    The state judgment was entered in a manner that violated Jaffan's due process rights and in violation of the Constitution. It has no res judicata effect in federal court.

28.    Separately, an injunction is warranted "in aid of [this Court's] jurisdiction." The Middle District of Florida (through its bankruptcy unit) had primary jurisdiction over the parties' dispute during the Chapter 11 case. The Bankruptcy Court's jurisdiction over the lease (which was property of the estate under 11 U.S.C. § 541) was exclusive while the case was pending. That federal jurisdiction and the integrity of the federal court's proceedings are implicated by Radhe's actions. Here, although the bankruptcy case concluded, the effects of its orders persist. Radhe's attempt to ignore the Stay Order and obtain contrary relief in state court can be viewed as an affront to this Court's jurisdiction and authority. Preventing enforcement of the state judgment is needed to uphold this

Court's jurisdictional prerogative to render binding decisions in cases properly before it.

29.    Under the All Writs Act, 28 U.S.C. § 1651(a), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This provision empowers this Court to craft injunctive remedies to ensure its judgments are not rendered ineffectual. Issuing an injunction to stop Jaffan's eviction is necessary to give practical effect to the Bankruptcy Court's judgment in Jaffan's favor. If the eviction proceeds, Jaffan's victory in federal court is completely negated – indeed, Jaffan would suffer the precise loss (forfeiture of the lease) that the Bankruptcy Court's order was intended to prevent.

30.    To the extent relevant, Jaffan is likely to succeed because the law (federal preclusion and supremacy principles) is clearly on its side: it had a final federal judgment that the state was bound to respect[9][25]. The irreparable harm to Jaffan is evident if eviction occurs. The balance of hardships tips towards Jaffan, given the existential threat to its business versus minimal harm to Radhe (who continues to receive rent). And the public interest favors honoring federal judgments and preventing state court overreach.

31.    Although the Sheriff has engaged in no wrongful conduct to date, the All Writs Act permits enjoining the Sheriff, as the Sheriff has the legal obligation to enforce writs of possession under state law, and therefore the Sheriff is positioned to undermine the Bankruptcy Court judgment unless restrained.

WHEREFORE, Plaintiff Jaffan International, LLC respectfully requests that this Court enter judgment in its favor and grant the following relief:

b. Temporary Restraining Order: A temporary restraining order (TRO) issuing immediately upon filing of this Complaint (or as soon as the Court can hear the matter), without notice if necessary, enjoining and restraining Defendants (and their officers, agents, servants, employees, attorneys, and all persons acting in concert or participation with them) from executing, enforcing, or taking any action to carry out the eviction of Jaffan from the property, including but not limited to serving or enforcing any writ of possession based on the state court judgment. The TRO is needed to preserve the status quo and prevent irreparable harm before Defendants can be heard in opposition.

c. Preliminary Injunction: After notice and an opportunity to be heard, a preliminary injunction, under Rule 65 of the Federal Rules of Civil Procedure (to the extent at issue), enjoining and restraining Defendants from enforcing the eviction judgment or otherwise evicting Jaffan during the pendency of this action. This preliminary injunction should remain in effect until a final judgment is entered in this case, in order to maintain the status quo ante and protect Jaffan's property and business from irreparable injury.

d. Permanent Injunction: Upon final resolution of this case on the merits, a permanent injunction prohibiting Radhe and its agents from seeking to evict or dispossess Jaffan based on any claim that the lease expired on August 31, 2021 or that Jaffan is a holdover tenant (or otherwise inconsistent with the declaratory

relief granted). In particular, Radhe should be enjoined from enforcing or seeking enforcement of the existing state eviction judgment or any writ of possession arising therefrom. Additionally, the Sheriff (and any successors in office) should be permanently enjoined from executing any writ of possession or other process to evict Jaffan on the basis of that state judgment. This injunction may allow that if Jaffan violates any ongoing lease obligations (e.g., fails to pay rent), Radhe can seek relief through proper legal channels, but it may not evict Jaffan for the alleged holdover that was resolved by the federal judgment.

e. Conditions of Relief: An order that, as a condition of the temporary and/or preliminary injunction, Jaffan shall continue to pay rent and any other sums due under the lease in the ordinary course (e.g., monthly rent payments to Radhe or into a court registry as directed), to ensure that Radhe is not prejudiced by the delay. Jaffan is agreeable to any reasonable condition, including expedited proceedings on the merits, to minimize any potential harm to Defendants.

f. Costs and Attorneys' Fees: An award of Jaffan's costs of suit and fees pursuant to the terms of the lease.

g. Other Relief: Such other and further relief as the Court deems just and proper, including any orders necessary to effectuate the foregoing relief and to protect the Court's jurisdiction and the integrity of its judgments.

Count II – Violation of Civil Rights (42 U.S.C. § 1983) – Injunctive Relief Against Sheriff to Prevent Deprivation of Property Without Due Process and in Violation of Supremacy Clause

32.    Jaffan re-alleges and incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

33.    This count is brought under 42 U.S.C. § 1983 against Defendant Sheriff (in his official capacity) to redress the impending deprivation of Jaffan's rights under the U.S. Constitution and federal law, caused by the enforcement of the state eviction judgment. At all relevant times, the Sheriff and his deputies would be acting under color of state law in executing a writ of possession to evict Jaffan.

34.    Jaffan has a constitutionally protected property interest in its leasehold and in the res judicata effect of the Bankruptcy Court's decision on the existence of the lease. This property interest was confirmed and recognized by a final judgment of a United States Bankruptcy Court. The Fourteenth Amendment guarantees that no state shall deprive any person of property without due process of law. Additionally, Article VI of the Constitution (Supremacy Clause) ensures that valid federal laws and judgments override conflicting state actions.

35.    Enforcing the state court eviction judgment under the present circumstances would violate Jaffan's rights to due process and federal supremacy in several respects. First, it would deprive Jaffan of its leasehold (and thus its business premises) without affording any meaningful consideration of Jaffan's federal defense – effectively denying Jaffan an opportunity to be heard on a dispositive defense because of a state law obstacle. The state court's application of Fla. Stat. § 83.232 prevented Jaffan from asserting its federal judgment as a

defense, thereby denying due process and additionally violated Jaffan's constitutional right to expect enforcement of the Bankruptcy Court judgment. Jaffan was thus stripped of its property interest via a procedure that refused to acknowledge binding federal law.

36.    Second, execution of the eviction would directly contravene the prior federal judgment protecting Jaffan's lease. This would impermissibly subjugate federal law to state law. The Sheriff's enforcement of a judgment that is rendered illegitimate by federal law is action "under color of state law" that conflicts with supreme federal law. The Supremacy Clause is the source of the rule that state officials cannot enforce state orders that conflict with federal authority. In this case, the Sheriff enforcing the writ would be an agent of the state effectuating a judgment that federal law says should not exist (because of res judicata).

37.    By enforcing the eviction, the Sheriff would participate in the nullification of a federal judgment and the deprivation of Jaffan's property without the process guaranteed by federal law (i.e., recognition of the prior adjudication). This is exactly the type of harm § 1983 was designed to prevent: a state actor, acting in his official capacity, causing constitutional injury to a private party. Federal courts are empowered to enjoin state officials from enforcing state court orders when such enforcement would violate federal rights[12][13].

38.    Jaffan has no adequate remedy at law for this imminent harm. Money damages cannot replace the loss of the leasehold or restore the status quo

once the eviction is carried out; thus, injunctive relief is the appropriate remedy to prevent the violation of rights before it occurs.

39.     Unless the Sheriff is immediately enjoined from executing or serving any writ of possession or otherwise removing Jaffan from the property, Jaffan will suffer irreparable injury, including loss of its business location, disruption of its business operations and relationships, loss of goodwill, and the permanent forfeiture of a property interest. These injuries cannot be fully redressed through later damages or legal relief.

40.     The relief sought herein – a temporary restraining order and preliminary and permanent injunction – will prevent the constitutional violation from occurring and will merely preserve the status quo (Jaffan's continued possession) until the underlying dispute is resolved in accordance with federal law. The balance of equities favors such relief, as the harm to Jaffan absent an injunction far outweighs any harm to Defendants from a delay in eviction. Radhe will continue to receive rent, and the Sheriff incurs no prejudice by maintaining the status quo.

41.     Public policy strongly supports an injunction to uphold constitutional protections and the supremacy of federal judgments. Enjoining the Sheriff aligns with the public's interest in ensuring that no citizen is unlawfully deprived of property and that federal court orders are respected as the supreme law of the land[10].

42.    Accordingly, Jaffan is entitled to injunctive relief against the Sheriff under § 1983.

Jaffan requests that this Court issue: (a) a temporary restraining order and preliminary injunction prohibiting the Sheriff (and all those in concert with him) from executing any writ of possession or otherwise taking steps to evict Jaffan during the pendency of this action; and (b) a permanent injunction upon final judgment, to the same effect, so long as Jaffan remains in compliance with its lease obligations.

Count III – Declaratory Judgment (28 U.S.C. § 2201) – Validity of Leasehold Interest and Preclusive Effect of Federal Judgment

43.    Jaffan re-alleges paragraphs 1 through 23 above as if fully set forth herein.

44.    An actual, present controversy exists between Jaffan and Radhe regarding Jaffan's right to continue occupying the property under the lease. Jaffan contends that it has a valid and enforceable lease for the property extending through the renewal term (and any further extensions per the lease), by virtue of the proper exercise of the renewal option and the application of Florida's anti-forfeiture equity doctrine as determined by the Bankruptcy Court's final judgment. Radhe contends, conversely, that the lease expired and that it is entitled to possession of the premises, as evidenced by the state court eviction judgment it obtained. These positions cannot be reconciled; one must yield to the other. The conflict is sharpened by the fact that each side can point to a court

judgment in its favor – Jaffan to the federal judgment, Radhe to the subsequent state judgment.

45.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is empowered to declare the rights and legal relations of the parties under the lease and applicable law. A declaratory judgment is appropriate here to resolve the uncertainty and controversy as to whether Jaffan's leasehold remains intact and whether the state eviction judgment can be enforced in light of the prior federal judgment.

46.    Jaffan seeks a declaratory judgment from this Court declaring that: (a) Jaffan's lease was validly renewed and/or preserved by equitable relief as of the time of the Bankruptcy Court's Stay Order, and accordingly Jaffan has a continuing leasehold interest in the property; (b) the Bankruptcy Court's final order  is a binding, final adjudication of the status of the lease, which Radhe is precluded, under the doctrine of res judicata (claim preclusion) and collateral estoppel (issue preclusion), from contesting or undermining; (c) the state court eviction judgment obtained by Radhe is inconsistent with the federal judgment and was entered in violation of Jaffan's rights, and therefore is null, void, or otherwise unenforceable as a matter of federal law (or that Radhe is estopped from enforcing it); and (d) Jaffan is entitled to remain in possession of the property as the lawful tenant under the lease, so long as it complies with the lease terms, for the duration of the lease term (including any renewals duly exercised).

47.    Such a declaration is necessary to recognize and protect Jaffan's leasehold interest pursuant to a final, binding bankruptcy court order as requested in the relief section below. It will have the effect of restoring the parties to the position dictated by the federal judgment and clarifying that any actions to evict Jaffan would be unlawful.

48.    The controversy is ripe and justiciable. The bankruptcy court's order has created federal rights in Jaffan that are under immediate threat by Radhe's contrary actions. Jaffan has a substantial interest in the leasehold and in the finality of the federal judgment, and Radhe has demonstrated an intent to deprive Jaffan of that interest. Absent a declaratory judgment and accompanying injunctive relief, Radhe will succeed in displacing Jaffan and nullifying the federal judgment's effect, causing significant prejudice to Jaffan.

49.    A declaratory judgment will serve a useful purpose in clarifying the legal relations at issue and will terminate the uncertainty giving rise to this proceeding. It would effectively resolve the core issue – whether Jaffan or Radhe has the immediate right to possession of the property – without awaiting the potentially irreparable act of eviction.

50.    Jaffan further notes that to the extent any Florida law (statutory or common law) might conflict with the above requested declarations (such as Fla. Stat. § 83.232 or doctrines concerning the finality of the state judgment), the federal declaratory judgment should explicitly state that such state law is preempted or inapplicable here due to the Supremacy Clause and controlling

federal preclusion principles[26][27]. The declaration should reflect that federal law governs the effect of the Bankruptcy Court's judgment, and under federal law, that judgment must be given effect despite any state procedural rules to the contrary[23][25].

WHEREFORE, Jaffan respectfully requests that this Court enter judgment declaring its rights in accordance with the foregoing, and protecting Jaffan's leasehold interest as established by the federal judgment, awarding fees, and costs, and all other appropriate relief.

CAREY, O'MALLEY, WHITAKER,
MUELLER, ROBERTS & SMITH, P.A.
712 South Oregon Avenue
Tampa, Florida 33606
Ph.: (813) 250-0577 / Fax: (813) 250-9898
*Attorneys for Plaintiff*

By: */s/ Stephen J. Bagge*

Stephen J. Bagge
Florida Bar No. 097788
Email: sbagge@careyomalley.com
Secondary Email:
ast02@careyomalley.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2025 a true and correct copy of the foregoing has been served electronically via CM/ECF to all registered participants. It was also served via e-mail on Ronald Edwards, Esq. ronny.edwardsjr@lowndes-law.com, counsel for Radhe, and will be served via personal service on Defendants.

*/s/ Stephen J. Bagge*
Attorney