UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAFFAN INTERNATIONAL, LLC,

    Plaintiff,

v.                                            Case No:   8:25-cv-02623-JLB-AAS

RADHE KRISHNA PROPERTIES,
LLC, and SHERIFF CHAD
CHRONISTER, in his official capacity
as Sheriff of Hillsborough County,

    Defendants.
_____/

**ORDER**

    Before the Court is Plaintiff Jaffan International, LLC's Emergency Motion for an Injunction Pending Appeal under Rule 62(d) and Defendant Radhe Krishna Properties, LLC's Motion for Sanctions against Plaintiff. (Docs. 28, 31). Plaintiff's motion arose out of this Court's denial of its Emergency Renewed Motion for Temporary Restraining Order and Preliminary Injunction based on the *Rooker-Feldman* doctrine (Doc. 25).

    Plaintiff subsequently appealed the Court's Order to the Eleventh Circuit Court of Appeals (Doc. 27), and Plaintiff moved for an injunction pending appeal in both this Court and the Eleventh Circuit (Doc. 28; Emergency Motion for Administrative Injunction and Injunction Pending Appeal at 3–4, *Jaffan Int'l, LLC v. Radhe Krishna Properties, LLC*, No. 25-13943 (11th Cir. Nov. 10, 2025)). The Eleventh Circuit denied Plaintiff's emergency motion for an injunction due to

Plaintiff's failure to make the requisite showing. Order of the Court, *Jaffan Int'l, LLC v. Radhe Krishna Properties, LLC*, No. 25-13943 (11th Cir. Nov. 10, 2025). This Court then directed Defendants to respond to Plaintiff's motion (Doc. 30), and Defendants responded and sought sanctions against Plaintiff in that response. (Docs. 31, 32).

Upon careful review, Plaintiff's Emergency Motion for an Injunction Pending Appeal under Rule 62(d) is **DENIED**, and Defendant Radhe Krishna Properties, LLC's motion for Sanctions is **DENIED without prejudice**.

I. **Plaintiff's Emergency Motion for an Injunction Pending Appeal under Rule 62(d)**

"[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Thus, filing a notice of appeal is "an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* "[I]f a case 'rests before the Court of Appeals,' the district court has no power to alter the status of the case." *Claiborne v. JP Morgan Chase Bank Nat'l Ass'n*, 2025 WL 1262350, at *1 (11th Cir. May 1, 2025) (citation omitted). Nevertheless, the Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure authorize both district courts and circuit courts to issue injunctions pending appeal. Fed. R. Civ. P. 62(d); Fed. R. App. P. 8(a)(2).

In evaluating whether an injunction pending appeal should be granted, courts consider four factors. *Nken v. Holder*, 556 U.S. 418, 426 (2009) (citing *Hilton*

2

*v. Braunskill*, 481 U.S. 770, 776 (1987)).  First, "whether the stay applicant has made a strong showing that he is likely to succeed on the merits."  *Id*.  Second, "whether the applicant will be irreparably injured absent a stay."  *Id*.  Third, "whether issuance of the stay will substantially injure the other parties interested in the proceeding."  *Id*.  And, fourth, "where the public interest lies."  *Id*.

      Here, the Court need not venture beyond the first factor because Plaintiff has not made a strong showing that it is likely to succeed on the merits.  The *Rooker-Feldman* doctrine applies to cases involving "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  In such cases, the district court cannot exercise subject matter jurisdiction because a district court's jurisdiction is original, not appellate.  *Id.* at 283.  The only proper federal venue for an appeal of the merits of a state court judgment is the United States Supreme Court.  *Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021) (citing *Exxon Mobil Corp.*, 544 U.S. at 283).  Plaintiff is correct that *Rooker-Feldman* is a narrow doctrine.  *See id.* at 1208.  However, as the Eleventh Circuit has explained, "[a]lthough narrow in its application, a state court loser cannot avoid *Rooker-Feldman*'s bar by cleverly cloaking [its] pleadings in the cloth of a different claim.  Pretext is not tolerated."  *May v. Morgan Cnty., Ga.*, 878 F.3d 1001, 1005 (11th Cir. 2017) (emphasis altered).

3

Here, Plaintiff attempts to cloak its state-court merits challenge. The writ of possesion that Plaintiff asked this Court to enjoin was the result of a state-court final judgment. (Doc. 24 at 10–11). That final judgment was affirmed by Florida's Second District Court of Appeal, and the United States Supreme Court denied certiorari. (*Id.* at 11). Now, in this action, Plaintiff's argument was that the execution of the writ should be enjoined because, according to Plaintiff, a denied lift-stay motion from a dismissed federal bankruptcy proceeding is entitled to preclusive effect. (*Id.* at 13–18). Setting aside the merits of that argument, it is not an argument that can be properly made to this Court. *Rooker-Feldman* bars plaintiffs from seeking relief for "injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp.*, 544 U.S. at 284. Here, Plaintiff's injury is caused by the state court's judgment of eviction and its subsequent writ of possession. Therefore, this Court has no subject matter jurisdiction to consider the merits of Plaintiff's challenge to those proceedings. Plaintiff could have sought relief by other means with the state court case or the appropriate state appellate court, but it has apparently failed to take advantage of those opportunities. Accordingly, Plaintiff's Emergency Motion for an Injunction Pending Appeal under Rule 62(d) is denied, as Plaintiff failed to demonstrate strong likelihood of success on the merits.

## II. Defendant Radhe Krishna Properties, LLC's Motion for Sanctions

Nevertheless, "[t]he district court has authority to proceed forward with portions of the case not related to the claims on appeal." *Johnson v. 3M Co.*, 55

F.4th 1304, 1309 (11th Cir. 2022) (citation omitted).  Defendant Radhe Krishna Properties, LLC moves for sanctions against Plaintiff Jaffan International, LLC under Federal Rule of Civil Procedure 11.  (Doc. 31).  A district court may award Rule 11 sanctions:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citation omitted).  The inquiry under Rule 11 is "whether the party's claims are objectively frivolous" and "whether the person who signed the pleadings should have been aware that they were frivolous."  *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (citation omitted).  "Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions 'normally will be determined at the end of litigation.'"  *Id.* at 523 (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987).  As Plaintiff's case is currently on appeal, the Court declines to make a determination on the motion for sanctions at this time.

Accordingly, it is **ORDERED** that:

1. Plaintiff Jaffan International, LLC's Emergency Motion for an Injunction Pending Appeal under Rule 62(d) (Doc. 28) is **DENIED**.

2. Defendant Radhe Krishna Properties, LLC's Motion for Sanctions against Plaintiff (Doc. 31) is **DENIED without prejudice**, and Defendant may refile the motion at a later date.

**ORDERED** in Tampa, Florida, on December 1, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE